UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————————X

ERIC RODRIGUEZ

**SECOND AMENDED
COMPLAINT AND
JURY TRIAL DEMAND**

Plaintiff,

11-CV-3768 (NGG)(RLM)

-against-

DETECTIVE TIMOTHY FEEHAN OF NEW YORK,
CITY POLICE DEPARTMENT, POLICE OFFICER
BRIAN SIMONSEN OF NEW YORK CITY POLICE
DEPARTMENT, AND THE CITY OF NEW YORK

Defendants.

———————————————————————————X

Plaintiff ERIC RODRIGUEZ by his attorney, JONATHAN T. LATIMER, complaining of

the defendants herein, respectfully alleges as follows

## JURISDICTION

1. This is a civil action seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. sections 1983 and 1988 and the fourth and

fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. sections 1331, 1343 and 1367

4. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks monetary damages,

both compensatory and punitive, as well as attorney's fees, for violation of civil rights, malicious

prosecution, negligence in screening, hiring, training, retaining and supervising employees and the

1

infliction of emotional distress.

## VENUE

5. Venue is properly in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff ERIC RODRIGUEZ,, was and is a natural person, resident of Queens County, City and State of New York.

8. At all times relevant hereto, defendant DETECTIVE TIMOTHY FEEHAN, (hereinafter "FEEHAN"), was and is a natural person, employed by the Police Department of the defendant CITY OF NEW YORK

9. At all times relevant hereto, defendant POLICE OFFICER BRIAN SIMONSEN, (hereinafter "SIMONSEN"), was and is a natural person, employed by the Police Department of the defendant CITY OF NEW YORK

10. On December 19, 2008, which date was within ninety days of the September 22, 1998, occurrence, resulting in the dismissal of charges, complained of herein, plaintiffs filed with the Comptroller of the City of New York a verified notice of claim setting forth the time when, nature of , and manner in which said claim arose.

11. More than thirty days have elapsed from the date of the aforesaid verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

2

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENNDANTS
### (42U.S.C. 1983)

12. Plaintiffs repeat and reiterate and reallege each and every allegation contained in paragraphs "1" through "12" hereinabove as if more fully set forth at length herein.

13. On February 27, 2008 defendant FEEHAN seized and arrested plaintiff ERIC RODRIGUEZ at his home located at 90-09 78 street, Woodhaven, New York.

14. At the date and time of this arrest and seizure Defendant FEEHAN accused the plaintiff RODRIGUEZ of committing the crimes of Robbery in the first degree and Attempted Robbery in the first Degree on February 23, 2008, and swore to a complaint alleging the same.

15. At the date and time seizure plaintiff RODRIGUEZ was taken into custody and forcibly transported to the 102nd police precinct in Queens County

16. Plaintiff RODRIGUEZ was the taken to Queens Criminal Court and arraigned on defendant FEEHAN'S complaint and bail was set in the amount of $50, 000.00 and plaintiff RODRIGUEZ was held in the custody of the New York City Department of Corrections.

17. Although the plaintiff RODRIGUEZ was unable to make this bail he was released on March 7, 2008 when bail was reduced to $1.00 , pursuant to Criminal Procedure Law section 180.80. The prosecution was unable to secure the required indictment

18. On April 15, 2008 when the plaintiff RODRIGUEZ appeared in court for a scheduled appearance on the February 27, 2008 arrest, he was seized and taken into custody by defendant

SIMONSEN.

19. On April 15, 2008, defendant SIMONSEN accused the plaintiff RODRIGUEZ of committing the crime of Robbery in the first degree on December 30, 2007 and on January 26, 2008.and swore to two Criminal Court Complaints alleging the same.

20. On April 16, 2008 plaintiff RODRIGUEZ was arraigned on the sworn complaints of defendant SIMONSEN and bail was set in the amount of $10,000.00 on each and plaintiff RODRIGUEZ was held in custody by the New York City Department of Corrections

21. Plaintiff RODRIGUEZ denied at the time and continues to deny all three robbery allegations made by the defendants

22. Plaintiff RODRIGUEZ supplied the defendants with alibi information reflecting his accurate whereabouts during the alleged commission of these crimes

23. On March 14, 2008, Plaintiff RODRIGUEZ was cleared by a grand jury on other false allegations, that he committed a robbery on December 31, 2007, which had been previously made against him by police officers in the same precinct and unit as the defendants.

24. When the plaintiff RODRIGUEZ was arrested by defendants FEEHAN and SIMONSEN both were aware that plaintiff RODRIGUEZ had objectively strong alibis for all incidents.

25. Neither defendant had probable cause to arrest the defendant, nor was there any evidence recovered to connect the plaintiff to any of the three incidents complained of herein.

26. Defendants FEEHAN ands SIMONSEN lied about and falsified the basis to believe that plaintiff RODRIGUEZ committed the crimes alleged in their three complaints.

27. Defendants FEEHAN and SIMONSEN made false assertions that the plaintiff RODRIGUEZ had been identified as the perpetrator of the three incidents complained of herein.

4

28. On August 4, 2008, in Queens County Criminal Court, the charges stemming from defendant SIMONSEN'S complaint alleging a robbery by plaintiff RODRIGUEZ on December 30, 2007, were dismissed on motion of the District Attorney's Office based on lack of evidence.

29. On September 22, 2008 in Queens County Criminal Court, the charges stemming from defendant SIMONSEN'S complaint alleging a robbery by plaintiff RODRIGUEZ on Januay 26, 2008, were dismissed on motion of the District Attorney's Office based on lack of evidence.

30. On September 22, 2008 in Queens County Criminal Court, the charges stemming from defendant FEEHAN'S complaint alleging a robbery by plaintiff RODRIGUEZ on February 23,2008, were dismissed on motion of the District Attorney's Office based on lack of evidence.

31. The individual defendants violated plaintiff's rights under the fourth and fourteenth amendments to the Constitution of the United States, in that acting under color of law, without probable cause or justification, initiated and pursued the prosecution of the plaintiff for crimes which they knew he did not in fact commit.

32. By reason of the aforesaid acts committed by defendants hereto, plaintiffs suffered deprivation of the rights to due process of the guaranteed the respectively under the fourth and fourteenth amendments to the Constitution of the United states.

33. By reason of the unconstitutional and illegal actions taken against the plaintiffs by the individual defendants, plaintiffs have been damaged in the amount of One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) as punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE INDIVIUAL DEFENDANTS AND THE CITY OF NEW YORK

**(Malicious Prosecution)**

34. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "33" hereinabove as if more fully set forth at length herein.

35. On February 27, 2008 Defendant FEEHAN , falsely and maliciously asserted that plaintiff RODRIGUEZ had committed the crime of Robbery in the first degree on February 23, 20008 by swearing to a Criminal Court Complaint and initiating the prosecution.

36 . The prosecution ended in the plaintiff RODRIGUEZ's favor in that the charges were dismissed on the motion of the District Attorney on September 22, 2008.

37. There was no probable cause to initiate the Criminal proceedings in that the defendant FEEHAN did not have any evidence or information indicating that the defendant was the perpetrator of the crime.

38. The Defendant FEEHAN acted maliciously in that he made intentionally false assertions that the plaintiff RODRIGUEZ had been legally and properly identified as the perpetrator of the crime.

39. The defendant FEEHAN manipulated witnesses, lied about alleged positive identifications of the plaintiff, conducted legally improper identification procedures, and was never able to procure a non-suggestive and legally proper identification of plaintiff RODRIGUEZ as perpetrator.

40. As a consequence of the prosecution initiated by defendant FEEHAN the plaintiff, was incarcerated in lieu of bail, deprived of his freedom, and the resultant legal proceedings lasted seven months.

41. By reason of the prosecution maliciously commenced against plaintiff RODRIGUEZ by defendant FEEHAN, while acting within the scope of his employment by the defendant CITY OF

NEW YORK, plaintiff was deprived of his liberty and forced to defend himmself in criminal proceedings.

42. As a result of the prosecution maliciously commenced against plaintiff RODRIGUEZ by defendant FEEHAN, while acting within the scope of his employment by the defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,.000,000.00) Dollars and demands an additional one Million ($1,000,000.00) Dollars as punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION**

**AGAINST THE INDIVIUAL DEFENDANTS AND**

**THE CITY OF NEW YORK**

**(Malicious Prosecution)**

43. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "42" hereinabove as if more fully set forth at length herein.

44. On April 15, 2008 Defendant SIMONSEN , falsely and maliciously asserted that plaintiff RODRIGUEZ had committed the crimes of Robbery in the first degree on December 30, 2007 and January 26, 2008 by swearing to a Criminal Court Complaints and initiating the prosecution.

45 . The prosecution ended in the plaintiff RODRIGUEZ's favor in that the charges were dismissed on the motion of the District Attorney on August 4, 2008 and September 22, 2008.

46. There was no probable cause to initiate the Criminal proceedings in that the defendant SIMONSEN did not have any evidence or information indicating that the defendant was the perpetrator of the crime.

47. The Defendant SIMONSEN acted maliciously in that he made intentionally false

7

assertions that the plaintiff RODRIGUEZ had been legally and properly identified as the perpetrator of the crime.

48. The defendant SIMONSEN manipulated witnesses, lied about alleged positive identifications of the plaintiff, conducted legally improper identification procedures, and was never able to procure a non-suggestive and legally proper identification of plaintiff RODRIGUEZ as perpetrator.

49. As a consequence of the prosecution initiated by defendant SIMONSEN the plaintiff, was incarcerated in lieu of bail, deprived of his freedom, and the resultant legal proceedings lasted seven months.

50. By reason of the prosecution maliciously commenced against plaintiff RODRIGUEZ by defendant SIMONSEN, while acting within the scope of his employment by the defendant CITY OF NEW YORK, plaintiff was deprived of his liberty and forced to defend himmself in criminal proceedings.

51. As a result of the prosecution maliciously commenced against plaintiff RODRIGUEZ by defendant SIMONSEN, while acting within the scope of his employment by the defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,.000,000.00) Dollars and demands an additional one Million ($1,000,000.00) Dollars as punitive damages.

WHEREFORE, ERIC RODRIGUEZ demands judgment against DETECTIVE TIMOTHY FEEHAN OF THE CITY OF NEW YORK POLICE DEPARTMENT, POLICE OFFICER BRIAN SIMONSEN OF THE CITY OF NEW YORK POLICE DEPARTMENT and the CITY OF NEW YORK as follows:

8

FIRST CAUSE OF ACTION        One Million($1,000,000.00) Dollars and One

Million($1,000,000.00) Dollars punitive damages against the individual defendants

SECOND CAUSE OF ACTION        One Million($1,000,000.00) Dollars and One

Million($1,000,000.00) Dollars punitive damages against the individual defendants

THIRD CAUSE OF ACTION        One Million($1,000,000.00) Dollars and One

Million($1,000,000.00) Dollars punitive damages against the individual defendants

JONATHAN T. LATIMER III ESQ.
Attorney for the Plaintiff
1080 Grand Avenue
South Hempstead, N.Y. 11550
917-733-4039

9